IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD LEE JAMESON, <br> TDCJ No. 1687020, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:15-cv-00121-D-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Petitioner's Motion for Relief from Judgment filed on August 11, 2020, Respondent's Response and Opposition filed on September 21, 2020, and Petitioner's Objection to Respondent's Answer filed on October 15, 2020. ECF Nos. 45, 49, and 51, respectively. After considering the pleadings, briefs, and applicable legal authorities, the undersigned **RECOMMENDS** that Senior United States District Judge Sidney A. Fitzwater **DENY** the motion.

**I.    BACKGROUND**

Petitioner Donald Lee Jameson ("Jameson"), an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, in Tennessee Colony, Texas, brings this motion pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 45. Jameson initially sought habeas relief, challenging the validity of his 2011 Moore County, Texas, murder conviction for which he received a life sentence. *Id*. at 2. The Court denied his petition in a judgment entered on July 7, 2018. ECF No. 32. Jameson sought a certificate of appealability to appeal the judgment to the

United States Court of Appeals for the Fifth Circuit, which denied his request on August 27, 2019. *Jameson v. Director TDCJ-CID*, No. 18-10947 (5th Cir. Aug. 27, 2019). In its order, the Fifth Circuit noted that Jameson contended

> that the district court erroneously applied deference to the state court's decision under the Antiterrorism and Effective Death Penalty Act; that his trial counsel was ineffective for failing to investigate, interview, and present the testimony of certain witnesses identified by a private investigator; and that trial counsel was ineffective for failing to object to the State's request to exempt its expert from the sequestration rule.

*Id.*, slip op. at 1.

Jameson now seeks relief under Rule 60(b), claiming that the Court "misapplied and lacked jurisdiction in applying the AEDPA's current deferential standard for its reviewing denying Petitioner's claims" of newly discovered evidence and inadequate counsel in his previously filed habeas petition. ECF No. 45 at 2-4. Judge Fitzwater should deny Jameson's motion because it is untimely and constitutes a successive petition for habeas corpus as it challenges the Court's ruling on the merits of his original habeas petition.

## II.   ANALYSIS

### A.   Jameson's Rule 60(b) motion is untimely.

Jameson's motion does not identify the subsection of Rule 60 under which Jameson seeks relief. Because it does not appear that he is claiming that the motion falls under subsections (1), (2), or (3), Jameson had to file the motion "'within a reasonable time,' unless reasonable cause can be shown for the delay." *Glenn v. Davis*, No. 3:14-cv-3403-D, 2020 WL 109688, at *1 (N.D. Tex. Jan. 9, 2020) (quoting *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2004)). "The timeliness of a motion is assessed at the point in time when the moving party has a basis to make such a motion, regardless of the time that has passed since judgment was entered." *Id.* (citing *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992)). While

2

determining whether a motion has been filed within a reasonable time is a case specific inquiry, the Fifth Circuit has held that a Rule 60(b) motion was untimely when filed almost eight months after the petitioner was able to file the motion. *See Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam).

Inexplicably, Jameson waited over two years after the judgment denying his habeas petition was entered and almost a year after the Fifth Circuit denied him a certificate of appealability before filing the motion. He offers no evidence or argument to explain his delay in seeking relief. He does not argue that any extraordinary circumstance or other reason prevented him from filing earlier, nor has he shown that he was unaware of the grounds for seeking relief under Rule 60(b) immediately after the Court entered its judgment denying his habeas corpus petition. Likewise, he has not explained why he could not have filed for relief from the judgment shortly after the Fifth Circuit denied his request for a certificate of appealability. Jameson's delay in waiting over two years after the judgment was entered and almost a year after the Fifth Circuit denied his certificate of appealability to challenge the judgment is not reasonable under the circumstances of this case. Judge Fitzwater should deny the motion as untimely.

> B. <u>Jameson's Rule 60(b) motion is a successive habeas petition, which this Court lacks jurisdiction to consider.</u>

Even if the motion were timely, it constitutes a successive habeas petition that Jameson cannot pursue without first obtaining leave from the Fifth Circuit. In the motion, Jameson again challenges his 2011 conviction by asserting that the Court misapplied and lacked jurisdiction in applying the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to his claims of newly discovered evidence and ineffectiveness of trial counsel. ECF No. 45. Jameson claims that his motion is not successive because he only seeks to "attack" the "Court's misapplication of AEDPA deferential standard and it's lack of jurisdiction," and that Rule

60(b) allows him to challenge the previous court ruling without the motion being labeled as successive. ECF No. 51 at 2.

AEDPA limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). To raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his successive petition, however, a three-judge panel of the court of appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A)–(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 at 836 (section 2254 habeas petition).

A Rule 60(b) motion constitutes a successive habeas petition when it attacks a judgment on the merits of a previously filed petition. *Will v. Lumpkin*, ___ F.3d ___, 2020 WL 6192980 (5th Cir. Oct. 22, 2020). "[W]hen a court order analyzes whether 'there exist or do not exist grounds entitling a petitioner' to habeas relief—in other words, makes a merits determination—a Rule

60(b) motion contesting this order (even on procedural grounds) necessarily presents a successive habeas claim." *Id.* at *5 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 n.4 (2005)). If a motion simply "attacks the federal court's previous resolution of a claim on the merits," it "is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief," and should be considered a second or successive habeas application. *Gonzalez*, 545 U.S. at 532 (emphasis deleted). Here, the Court denied Jameson's petition on the merits. *See* ECF Nos. 29, 31, and 32.

A Rule 60(b) motion that does not challenge "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" is not a successive habeas petition. *Gonzalez*, 545 U.S. at 532. A Rule 60(b) motion is proper if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction." *Id.* at 533. If the purported Rule 60(b) motion either 1) "attacks a defect in the integrity of the federal habeas proceeding" or 2) "attacks a procedural ruling that precluded a merits determination," then the district court may properly consider it under Rule 60(b). *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (internal quotations omitted).

Jameson's motion does not challenge a "defect in the integrity of the federal habeas proceedings," *Gonzalez*, 545 U.S. at 532, but instead asserts that the Court erred in its ruling on his original petition on the merits by according undue deference to the actions of the state courts that convicted Jameson and denied his appeals. Because he attacks the Court's ruling on the merits of his previous petition, his Rule 60(b) motion constitutes a successive habeas petition.

The Fifth Circuit has not issued an order authorizing the Court to consider Jameson's successive petition. Jameson must obtain such an order before he can file a successive petition for

5

habeas relief challenging his underlying criminal conviction. Jameson's current application is successive under AEDPA, and his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this court] asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *Key*, 205 F.3d at 774.

Under these circumstances, the Court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may opt to transfer the successive habeas petition to the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The motion appears to be Jameson's first successive habeas application concerning the validity of his conviction. Because this is his first successive petition, transfer ordinarily would be appropriate. *Compare Adams v. Davis*, 3:17-CV-1133-N-BN, 2017 WL 2535863, at *1 (N.D. Tex. May 2, 2017), *rec. adopted*, 3:17-CV-1133-N, 2017 WL 2505495 (N.D. Tex. June 9, 2017) (transfer appropriate where no history of successive petitions aimed at same issue), *with United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (history of filing successive petitions warranted "dismissal without prejudice . . . [to] better serve[] the interests of justice than a transfer[.]"). For the reasons previously stated, the motion should be denied as untimely. However, if Judge Fitzwater views the motion as timely, the undersigned recommends that he transfer the motion to the Fifth Circuit rather than dismiss it.

Because Jameson did not seek relief under Rule 60(b) within a reasonable time and has provided no explanation for his failure to file his motion sooner, the undersigned **RECOMMENDS** that Judge Fitzwater **DENY** the motion as untimely. Should Judge Fitzwater consider the motion to be being timely filed, the undersigned **RECOMMENDS** that he

6

**TRANSFER** the motion to the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the undersigned **RECOMMENDS** that Judge Fitzwater deny a certificate of appealability. The undersigned finds that the petitioner has failed to show (1) that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the [Rule 60(b) motion] states a valid claim of the denial of a constitutional right" and "debatable whether [the Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** November 3, 2020.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE